## RICHARD SHAW, Respondent,

*vs.*

## JOHN B. SHAW, JULIA ANN SHAW, LEVI LEE and FINLEY MATHESON, Appellants.

### APPEAL FROM CIRCUIT COURT, WAUKESHA COURT.

Before the adoption of the code, it was the duty of the party obtaining a decree in chancery to be prepared to sustain it; and for this purpose, it was his duty to see that the evidence was preserved ; for no presumption of the correctness of the decree obtained in the appellate court, under the then existing practice.

Since the adoption of the code, the party desiring a review in an equity case, upon questions of law, or of fact, as found by the court, must preserve the evidence by bill of exceptions, or by case ; and unless this is done, the court can only review such questions of law as are presented by the record or judgment roll.

Under the code, the presumption is in favor of the correctness of the judgment, and it is incumbent on the appellant to show error.

This action was commenced before the passage of the code of practice, and was a bill to foreclose two mortgages executed by John B. Shaw and Julia Ann Shaw, the one to George Wilson, and the other to Daniel Shaw, both of which were duly assigned to the plaintiff. The judgment of the circuit court was for the plaintiff, from which this appeal is taken. For reasons given in the opinion of the court, the facts of the case will not be noticed further, nor the points made by counsel.

*Windsor & Smith,* for the appellants.

*Cowdry and Norton,* for the respondents.

*By the Court,* SMITH, J.   When this case came here before on appeal, under the system of practice then prevailing in equity, the party obtaining his decree below, was required to be prepared to sustain it.   The case was heard in this court on the same evidence on which it was heard below, and the party obtaining the decree was required to preserve the evidence on which it was based.   This was usually done by the judge keeping and certifying the evidence, or by some one acting under the authority of the judge, who certified to its correctness.   The minutes of the evidence so taken and certified, were filed with the papers, and came up on appeal. This only applied to evidence taken in open court.   Depositions used on the hearing, were also filed, and sent up with the papers on appeal.   The complainant had neglected to preserve the evidence on the first hearing in the circuit court, and hence was unable to sustain his decree, for no presumption of its correctness obtained in the appellate court under the former system.

The last trial, however, was had under chapter four of the Code, which changes the rule of practice essentially, and provides how, and by whom the evidence shall be preserved. Sections 177 and 178 make it the duty of the party desiring a review upon the questions of law or of fact, as found by the court, to preserve the evidence, by bill of exceptions, or by a case, settled in the manner therein prescribed.   Unless this is done, the court can only review such questions of law, as are presented by the record or judgment roll.

We have carefully examined the judgment roll, and the papers sent up with the return of the clerk of the circuit court, and we find no bill of exceptions to the ruling of the court below, as to the admission of evidence, as to the finding of the court, or as to the conclusions of law thereon.   It is true, that the printed case sets up certain objections, on the

part of the defendant, and on the trial below, to the introduction of evidence, by the complainant; which said objections the printed case alleges, were overruled, and the defendant excepted. But we have searched in vain among the mass of papers returned into this court, for any record of such exceptions. We have been unable to find any objection made to the introduction of the evidence, or any exception to the proceedings of any kind whatsoever. The judgment roll discloses none, and none are on file.

We are therefore unable to consider the points raised upon such supposed exceptions. The judgment appears to be regular upon the judgment roll, and under the present practice, as prescribed by the code, the presumption is in favor of the judgment, and it is incumbent on the appellant, as formerly on the plaintiff in error, to show error.

The judgment of the circuit court is affirmed.